# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| *In re* MOSES SAMUEL WILLIAM SR. and VICTORIA ZOR WILLIAM,<br><br>    Debtors,<br><br>MAYBELLINE SINUE,<br><br>    Appellant,<br><br>                v.<br><br>NEIL C. GORDON, Chapter 7 Trustee, for the Estates of Moses Samuel William and Victoria Zor William,<br><br>    Appellee. | Bankruptcy Case No. 15-55766-BEM<br><br>Adversary Proceeding No. 19-5265-BEM<br><br>Civil Action No. 1:21-cv-03030-SDG |

## OPINION AND ORDER

This matter is before the Court on Maybelline Sinue's appeal [ECF 2] from the July 13, 2021 order of the Northern District of Georgia Bankruptcy Court denying Victoria Zor William and Sinue's motion to dismiss an adversary proceeding brought against them by Appellee Neil C. Gordon. After careful review, the Court holds that there is no direct jurisdiction over Sinue's appeal and declines to permit appeal on an interlocutory basis. The appeal is therefore **DISMISSED WITHOUT PREJUDICE**.

## I.      BACKGROUND

Married debtors Moses Samuel William, Sr. and Victoria Zor William filed for chapter 7 bankruptcy in case number 15-55766 on March 31, 2015, and received a discharge on December 22, 2015.[1] Neil Gordon (Trustee) initiated adversary proceeding 19-05265 on July 31, 2019, against U.S. Bank National Association, Maybelline Sinue, and Victoria Zor William.[2] Count I of the Trustee's Complaint asserted a claim against U.S. Bank for turnover pursuant to 11 U.S.C. § 542; Count II, which was pled in the alternative, asserted a claim against Sinue and William under 11 U.S.C. § 363(h) for authority to sell certain real property; and Count III, also pled in the alternative, asserted a claim against Sinue and William for turnover of the property under 11 U.S.C. § 542.[3]

The real property at issue is a home located at 5501 The Vyne Avenue, Atlanta, Georgia 30349, in which Sinue lives with her two children.[4] William, who is the mother of Sinue, purchased the home on April 14, 2009, and took out a loan

---

[1]   ECF 1-2, at 2, 10.

[2]   *Id.*

[3]   *Id.* Count I was dismissed by the Bankruptcy Court on the motion of U.S. Bank. ECF 1-2, at 2.

[4]   ECF 1-3, at 3.

on the Property on June 19, 2009.[5] William executed a quitclaim deed transferring title to the property jointly to herself and Sinue on May 5, 2014.[6]

On March 30, 2021, Sinue and William (together Defendants) filed a motion to dismiss Counts II and III of the adversary Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that the claims are barred by the doctrine of *res judicata* or are not plausible on their face.[7] The Northern District of Georgia Bankruptcy Court denied Defendants' motion to dismiss on July 13.[8] It held that Counts II and III are not barred by *res judicata* because the claims did not arise out of the same nucleus of operative facts as the previous adversary proceedings, and that the Trustee's allegations on both counts were sufficient to survive the motion to dismiss.[9]

---

[5] ECF 1-2, at 5–6.

[6] *Id.*

[7] *Id.* at 2, 10.

[8] ECF 1-2.

[9] *Id.* at 12—13, 18. The previous adversary proceedings relevant to the *res judicata* issue, case numbers 15-05235 and 17-05088, are discussed in greater detail in the Bankruptcy Court's order on the motion to dismiss. ECF 1-2, at 7—9.

On July 26, 2021, Sinue appealed by filing a request to appeal the Bankruptcy Court order denying the motion to dismiss.[10] She argues that the Trustee holds sufficient funds to pay the Debtors' creditors in full without selling the Property and that the harm to her and her family from a sale of the Property would be substantial.[11] On August 19, the Trustee filed a response to the request to appeal.[12]

## II. DISCUSSION

Under 28 U.S.C. § 158(a)(1), this Court has jurisdiction to hear appeals from final judgments and orders of the Bankruptcy Court. However, the Bankruptcy Court's order denying Defendants' motion to dismiss was not a final order. "[A] final order in a bankruptcy proceeding is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." *Clay Cnty. Bank v. Culton (In re Culton)*, 111 F.3d 92, 93 (11th Cir. 1997)) (citations omitted). Because the order did not "completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief," it is not a directly appealable final order. *Barben v. Donovan (In re Donovan)*, 532 F.3d 1134, 1137 (11th Cir. 2008)

---

10   ECF 2.

11   *Id.*

12   ECF 3.

(citation omitted) (holding that a bankruptcy court's order denying a motion to dismiss a chapter 7 case was not a final order because the court did not conclusively resolve the bankruptcy case as a whole or any adversary proceeding or claim); *see also Yormak v. Yormak (In re Yormak)*, No. 17-13239-FF, 2017 WL 4857438, at *1 (11th Cir. Sept. 13, 2017) ("The bankruptcy court's denial of summary judgment does not resolve any claim, controversy, or adversary proceeding, and therefore is not final.").

A party may appeal an interlocutory order from a bankruptcy court *if* given leave. 28 U.S.C. § 158(a)(3). To appeal an interlocutory order, a party must file a notice of appeal with the bankruptcy court clerk within 14 days of the entry of the order being appealed. Fed. R. Bankr. P. 8002(a)(1). The notice of appeal must conform to the official form, be accompanied by the fee, be accompanied by the order being appealed, and be accompanied by a motion for leave to appeal. Fed. R. Bankr. P. 8003(a)(3), 8004(a)(2). Although Sinue's filing does not conform to the notice of appeal form, it was timely, the fee was paid, and the filing contains the necessary contents of a motion for leave to appeal. *See* Fed. R. Bankr. P. 8004(b)(1) (delineating contents of a motion for leave to appeal such as underlying facts, the relief sought, and reasons to grant the motion for appeal). Further, the order being

appealed was included in the notice of appeal transmitted to this Court by the Bankruptcy Court clerk.

Sinue filed the motion for appeal *pro se* and "the Court construes liberally the pleadings of pro se litigants, [but] it does not excuse them from their duty to abide by procedural rules." *In re Strickland & Davis Int'l, Inc.*, 612 F. App'x 971, 975 (11th Cir. 2015). Even excusing any defects in the form of the notice of appeal, the Court denies Sinue's request because she has not established that an interlocutory appeal is appropriate.

District courts look to the standards governing interlocutory appeals under 28 U.S.C. § 1292(b) to determine whether to grant leave for an interlocutory appeal of a bankruptcy court order. *In re Allied Holdings, Inc.*, 376 B.R. 351, 357 (N.D. Ga. 2007) (citing *In re Charter Co.*, 778 F.2d 617, 620 n.5 (11th Cir. 1985)). "The standards set forth are: (1) whether the bankruptcy court's decision involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion and (3) where an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* at 358 (quoting *In re Auto Dealer Servs., Inc.*, 81 B.R. 94, 96 (M.D. Fla. 1987)).

With respect to the Bankruptcy Court's decision that Counts II and III survive a motion to dismiss for failure to state a claim, there is no controlling

question of law. As the Trustee points out, the denial of the motion to dismiss only means that facts relating to whether the Trustee can sell the Property pursuant to 11 U.S.C. § 363(h) will be decided at a later date.[13] A motion to dismiss for failure to state a claim does present a legal question, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), but this is not the kind of "pure question of law . . . the court can resolve 'without having to delve beyond the surface of the record in order to determine the facts,'" that 28 U.S.C. § 1292(b) contemplates for interlocutory appeals. *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016) (citing *McFarlin v. Conseco Servs.*, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004)).

The Bankruptcy Court's decision that the Trustee's claims are not barred by the doctrine of *res judicata* would also require this Court to delve into the facts of the case because, as the Bankruptcy Court noted, the facts underlying the Trustee's claims have changed such that the Property has become unencumbered since the time of the previous adversary proceedings.[14] The Eleventh Circuit has noted that "[interlocutory] appeals were intended for, and should be reserved for, situations in which the [ ] court . . . can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts."

---

[13] ECF 3, at 3.

[14] ECF 1-2, at 12, 13, 18.

*McFarlin*, 381 F.3d at 1259 ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the [trial] court properly applied settled law to the facts or evidence of a particular case."). Because "there is no controlling question of law that can be determined without also determining the facts," this Court exercises its discretion to deny Sinue's motion to appeal. *Hartnett v. Mustelier (In re Hartnett)*, No. 04-1197-BKC-RAM, 2004 WL 3019365, at *2 (S.D. Fla. Nov. 4, 2004) (holding that interlocutory appeal of a bankruptcy court decision would be inappropriate where the appeal turned on the facts of the case and a theory of *res judicata*).

Permitting an appeal here would also not advance the underlying litigation because material facts remain to be decided with regard to the Trustee's claim to sell the Property. Sinue argues that the Trustee holds sufficient funds to pay the creditors' claims from the chapter 7 bankruptcy and that selling the Property would result in substantial harm to Sinue and her family. These factual issues were not decided at the motion to dismiss stage, and they are precisely the kind of issues that the Bankruptcy Court will need to resolve at a later date in this litigation.

Sinue has not demonstrated that there is jurisdiction for a direct appeal or that interlocutory review of the order of the Bankruptcy Court is appropriate. Accordingly, Sinue's motion for leave to appeal is **DENIED** and the appeal is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this the 2nd day of December, 2021.

Steven D. Grimberg
United States District Court Judge